IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-0328-02-CR-W-DW |
| | ) | |
| CRAIG S. MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the motion of the United States for a Final Order of Forfeiture. (Doc. 79). On December 20, 2005, this Court entered a Preliminary Order of Forfeiture, (Doc. 71), of the following property:

- $1,150.00 in United States currency seized on August 22, 2002.

The Preliminary Order of Forfeiture was based upon a plea agreement between Defendant Craig S. Moore and the United States entered into on June 15, 2005. Based upon the plea agreement the Court finds that Defendant Craig S. Moore has an interest in the above-described property that is subject to forfeiture under 18 U.S.C. § 853.

Pursuant to the Court's Preliminary Order of Forfeiture, notice of the forfeiture of the above-described property was published in The Pulse Legal Publication, a daily newspaper of general circulation published in Jackson County, Missouri, on May 1, 2006, May 8, 2006, and May 15, 2006. The United States also sent written notice of the Preliminary Order of Forfeiture to Melanie N. Carter by certified mail, return receipt requested. The post office returned the envelope stamped unclaimed. There were no claimants who properly perfected a claim to the subject property within thirty days from the earlier of the date of last publication of notice or actual receipt of notice.

Therefore, any other persons claiming any right, title, or interest in or to the above-described property are held to be in default.

Accordingly, it is hereby ORDERED:

1. Plaintiff's Motion for a Final Order of Forfeiture is hereby GRANTED, and the above-described property is forfeited to the United States pursuant to 18 U.S.C. § 853, and is to be disposed of according to law.

2. All other persons claiming any right, title, or interest in or to the above-described property are held in default.

3. The claims and interests of any other person or parties are forever foreclosed and barred.

4. The Court shall retain jurisdiction to enter any orders necessary to amend or enforce this order.

IT IS SO ORDERED.

Date: July 12, 2006 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court

2